IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE: ) CHAPTER 11
    ALLEN FORD LEWIS )
) CASE NO. 16-02905-JCO-11
        Debtor(s). )

## CONSENT CONDITIONALLY DENYING RELIEF FROM STAY and GRANTING ADEQUATE PROTECTION PAYMENTS

Upon consideration of the Motion of the creditor, SHEFFIELD FINANCIAL, for Relief from the Stay imposed by 11 U.S.C. Section 362 or in the Alternative, for Adequate Protection Payments, the parties having announced an agreement regarding same, the court concludes that good cause exists for modifying the stay relating to the 2013 POLARIS RANGER described in the Motion. Accordingly, by agreement of the parties,

IT IS HEREBY ORDERED, that the Debtor in Possession shall commence adequate protection payments in the amount of $165.00 per month to SHEFFIELD FINANCIAL on the FIRST day of each month, beginning MAY 1, 2017, until such time as a plan of reorganization is confirmed. As long as the Debtor in Possession tenders said adequate protection payments, the stay shall remain in effect, but beginning with the payment due MAY 1, 2017, if the post-petition adequate protection payments come into default, and the Debtor in Possession does not cure the default within 20 days from the date the creditor files a certificate of default with the court, the stay shall terminate without further notice or hearing. The Notice of Default shall be mailed to the Debtor in Possession by U.S. mail within one day of filing with the Court and shall contain notice that the stay will terminate pursuant to this order, without further hearing, if the Debtor fails to cure the default within 20 days from the filing date of the certificate. If creditor deems stay terminated, it must file Notice of Termination of Automatic Stay with the Court and mail a copy to the Debtor in Possession. Stay termination is not effective unless and until the aforementioned notices are filed with the Court. The future relief provision contained in the Order expires 2 years from the date of this Order.

FURTHER ORDERED, that the Debtor shall provide proof of full coverage insurance on the 2013 POLARIS RANGER naming SHEFFIELD FINANCIAL as lien holder within 10 days of the entry of this order or the stay shall lift. Further, the stay will terminate if the creditor receives notice of any lapse in insurance coverage and said lapse continues for ten days from the date the creditor files a certificate of default with the court. The Notice of Default shall be mailed to the Debtor in Possession by U.S. mail within one day of filing with the Court and shall contain notice that the stay will terminate pursuant to this order, without further hearing, if the Debtor fails to cure the default within 10 days from the filing date of the certificate. If creditor deems stay terminated, it must file Notice of Termination of Automatic Stay with the Court and mail a

copy to the Debtor in Possession. Stay termination is not effective unless and until the aforementioned notices are filed with the Court. The future relief provision contained in the Order expires 2 years from the date of this Order.

Dated: June 21, 2017

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE

This Order prepared by:

*/s/ Kristen P. Abbott (for)*
Leonard N. Math, Attorney for SHEFFIELD FINANCIAL

This Order consented to by:

*/s/ Kristen P. Abbott (for)*
Leonard N. Math, Attorney for SHEFFIELD FINANCIAL

*/s/ Irvin Grodsky*
Irvin Grodsky, Attorney for the DEBTOR