IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | CASE NUMBER |
| ALLEN FORD LEWIS, | * | 16-02905 |
| | * | |
| Debtor. | * | |

## PLAN OF REORGANIZATION

ALLEN FORD LEWIS, the above-named Debtor, proposes the following Plan of Reorganization with its creditors:

## ARTICLE I
## DEFINITIONS, INTERPRETATION, AND RULES OF CONSTRUCTION

**A.** **Definitions.**

The following terms, when used in this Plan, shall, unless the context otherwise requires, have the following meanings:

1.01 "AFL'S Inheritance Distribution" shall mean the net distribution of all real and personal property and assets, including cash, received by Allen Ford Lewis as a distributee of $1/6^{th}$ of the estate of Rentz S. Lewis, Jr. including the real property located in Marengo County Alabama owned by Rentz S. Lewis, Jr. at the time of his death. For purposes of this definition, the term "net distribution" shall mean the actual cash or cash equivalents and real property interests transferred to Allen Ford Lewis by the Rentz S. Lewis, Jr. Estate less all attorney fees and expenses of the Estate and less all taxes Allen Ford Lewis is required to pay all taxing authorities as a result of said distribution.

1.02 "Allowed Claim" shall mean a claim:

(a) in respect of which a proof of claim has been filed with the Court on or before the applicable Bar Date, as hereinafter defined;

(b) which is scheduled in the schedules of assets and liabilities and statement of financial affairs of the Debtor prepared and filed with the Court which is not listed as either disputed, contingent or unliquidated as to amount; and, in either of the foregoing cases;

(c) to which no objection to the allowance thereof is interposed; or

(d) to which, if objection is interposed, the claim is allowed by an order or judgment which is no longer subject to initiation or continuation of appeal or certiorari proceeding.

1.03 "Allowed Secured Claim" shall mean an Allowed Claim arising on or before the Petition Date that is secured by a valid lien, as hereinafter defined, on property of the Debtor, which lien is not void or voidable under state or federal law, including any provision of the Bankruptcy Code, to the extent of the value (which is either agreed to by the Debtor pursuant to this Plan or, in the absence of an agreement, as determined in accordance with Section 506 of the Bankruptcy Code) of the interest of the holder of such Allowed Claim pursuant to this Plan. That portion of such Allowed Claim exceeding the value of the security held therefore shall be a Priority Claim or an Allowed Unsecured Claim, as determined by the Bankruptcy Code without regard to its former secured status.

1.04 "Allowed Unsecured Claims" shall mean all Allowed Claims which are claims other than Priority Claims or Allowed Secured Claims.

1.05 "Amount of AFL's Inheritance Distribution After Deduction of GOC, Ltd.'s Allowed Secured Claim" shall mean the amount of AFL's Inheritance Distribution less the amount of the Allowed Secured Claims of GOC, Ltd. which holds a mortgage against Debtor's undivided interest in the Marengo County real property included in AFL's Inheritance Distribution.

1.06 "Bankruptcy Code" shall mean Section 101 et seq. of Title 11 of the United States Code, as amended from time to time.

1.07 "Bar Date" shall mean any particular deadline established by the Court pursuant to Bankruptcy Rule 3003(c)(3) after which (I) any proof of claim filed has no effect on this Plan, and (ii) the holder of such proof of claim has no right to participate with other creditors under the Plan.

1.08 "Claim" shall have the meaning given it in Section 101(4) of the Bankruptcy Code.

1.09 "Class" shall mean any class into which Claims are classified pursuant to Article II hereof.

1.10 "Confirmation Date" shall mean the date upon which the Order of Confirmation is entered by the Court.

1.11 "Confirmation Order" means the Order of the Bankruptcy Court confirming this Plan.

1.12 "Court" shall mean the United States Bankruptcy Court for the Southern District of Alabama, Southern Division, presiding over reorganization cases, or if necessary, the United States District Court for said district having original jurisdiction over said reorganization cases.

1.13 "Creditors" shall mean all persons holding claims against the Debtor.

1.14 "Debtor" shall mean ALLEN FORD LEWIS, the debtor in this Chapter 11 case.

1.15 "Effective Date" shall mean the first business day on which no stay of the Confirmation Order is and remains in effect that is after thirty (30) calendar days following the Confirmation Date.

1.16 "Lien" shall mean any charge against or interest in property to secure payment of a debt or performance of an obligation including, without limitation, any judicial or equitable lien, security interest, mortgage, deed of trust and statutory lien as defined in Section 101 of the Bankruptcy Code.

1.17 "Petition Filing Date" means August 26, 2016, the date on which Debtor filed its petition for reorganization under Chapter 11 of the Bankruptcy Code.

1.18 "Plan" shall mean this Plan of Reorganization in its present form or as it may be amended or supplemented from time to time.

1.19 "Priority Claims" shall include all Claims which are entitled to priority pursuant to Section 507 of the Bankruptcy Code.

1.20 "Pro Rata" shall mean with respect to any Allowed Claim in any Class, the proportion that the amount of such Allowed Claim bears to the aggregate amount of all of the Allowed Claims of such Class.

1.21 "Secured Claims" shall mean those claims whose payment is secured by a Lien.

1.22 "Unsecured Creditors" shall mean the holders of Allowed Unsecured Claims.

**B.     Interpretation, Rules of Construction, Computation of Time.**

1.     Any term used in this Plan that is not defined in this Plan, either in Article I (Definitions) or elsewhere, but that is used in the Bankruptcy Code or the Bankruptcy Rules has the meaning assigned to that term in (and shall be construed in accordance with the rules of

construction under) the Bankruptcy Code or the Bankruptcy Rules. Without limiting the foregoing, the rules of construction set forth in Section 102 of the Bankruptcy Code shall apply.

2. The words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to this Plan as a whole and not to any particular article, section, subsection or clause contained in this Plan.

3. Unless specified otherwise in a particular reference, a reference in this Plan to an Article or a Section is a reference to that Article or Section of this Plan.

4. Any reference in this Plan to a document being in a particular form means that the document shall be in substantially such form.

5. Any reference in this Plan to an existing document means such document, as it may have been amended, restated, modified, or supplemented from time to time.

6. Whenever from the context it is appropriate, each term stated in either the singular or the plural shall include both the singular and the plural.

7. In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

8. All exhibits to this Plan are incorporated into this Plan and shall be deemed to be included in this Plan, regardless of when they are filed.

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS
## AND STATEMENT OF CLASSES OF CLAIMS NOT IMPAIRED

The following is a designation of the classes of claims and interests under this Plan. Administrative claims and priority tax claims of the kinds specified in Sections 507(a)(1), 507(a)(7), and 507(b) of the Bankruptcy Code, respectively, have not been classified and are excluded from the following classes, in accordance with Section 1123(a)(1) of the Bankruptcy Code. A claim or interest is classified in a particular class only to the extent that the claim or interest qualifies within the description of that class and is classified in a different class to the extent that any remainder of the claim or interest qualifies within the description of such different class. A claim or interest is in a particular class only to the extent that the claim or interest is an Allowed Claim or Allowed Interest in that class and has not been paid, released or otherwise satisfied before the Effective Date.

2.1     For the purposes of distribution under this Plan, secured claims, and general unsecured claims, shall be classified as follows:

        Class 1 -     Secured: Sheffield Financial – Secured Claim - Polaris Razor

        Class 2 -     Secured: GOC, Ltd – real property portion of AFL's Inheritance Distribution

        Class 3 -     General Unsecured Claims of Creditors of the Debtor

        Unexpired Leases and Executory Contracts

2.2     This Plan contemplates that the claims of all creditors in Classes 1, 2 and 3 shall be impaired.

## ARTICLE III
## UNCLASSIFIED CLAIMS
## ADMINISTRATIVE AND PRIORITY CLAIMS

3.1     **Treatment of Unclassified Claims.**

A.  **General.**  Subject to the bar date provisions herein, each holder of an Allowed Claim for administrative costs and expenses of the kind specified in Section 507(a)(1) or Section 507(b) of the Bankruptcy Code shall receive, on account of and in full satisfaction of such Allowed Claim, cash equal to the amount of such Allowed Claim on the Effective Date, unless otherwise provided, and the holder agrees to said less favorable treatment of such claim. Such Allowed Claims for administrative expenses and costs shall be paid by the Reorganized Debtor. Debtor's post-petition federal tax liability shall be paid within 30 days of the due date of any post-petition tax return.

9.     If the Debtor fails to make payment of any liability under the Plan to the Internal Revenue Service within 10 days of the due date of such deposit or payment, or if the debtor or the successor in interest fails to file any required federal tax return by the due date of such return, then the United States may declare that the debtor is in default of the plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest or debtor is in default.

10. If the United States declares the debtor or the successors in interest to be in default of the debtor's obligations under the plan, then the entire liability provided for in this Plan, together with any unpaid current liabilities, shall become due and payable immediately upon written demand to the debtor or the successor in interest.

11. If full payment is not made within 14 days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of Title 26 of the United States Code.

Debtor's post-petition State of Alabama tax liability if any shall be paid within 30 days of the due date of any post-petition tax return.

B. **Bar Date for Administrative Claims.** All applications for final compensation of professional persons for services rendered and for reimbursement of expenses incurred on or before the Effective Date (including, without limitation, any compensation requested by any professional or any other entity for making a substantial contribution in the Reorganization Case) and all other requests for payment of administrative costs and expenses incurred before the Effective Date under Sections 507(a)(1) or 507(b) of the Bankruptcy Code (except only for claims for post-petition tax liabilities and except for claims for trade debt incurred in the ordinary course of business and claims under 28 U.S.C. § 1930) shall be filed no later than 30 days after the Effective Date, unless such date is extended by the Bankruptcy Court on notice to the Reorganized Debtor and other interested parties. Any such claim that is not filed within this deadline shall be forever barred; and any holders of administrative claims who are required to file a request for payment of such claims and who do not file such requests by the applicable bar date shall be forever barred from asserting such claims against the Debtor, the Reorganized Debtor, or any of its respective property. Any professional fees or reimbursement of expenses incurred subsequent to the Effective Date by the Reorganized Debtor may be paid by such Reorganized Debtor without application to the Bankruptcy Court. Any dispute regarding the payment of such post Effective Date professional fees and expenses which relate to this Reorganization Case or this Plan shall be determined by the Bankruptcy Court.

C. **Payment of Professional Allowed Administrative Claims.** Debtor proposes to pay the Professional Allowed Administrative Claims without interest by allowing each Professional to retain any retainer paid to the Professional after approval by the Court of said Professional's compensation and paying $200.00 per month to Debtor's attorney and $150.00 per month to Debtor's accountant beginning on the Effective Date of the Plan until such Professional Allowed Administrative Claims are paid in full. In addition, in the event the Reorganized Debtor receives the amount of AFL's Inheritance Distribution After Deduction of GOC, Ltd's Allowed Secured Claim, the Reorganized Debtor shall pay the balance of the Professional Administrative Claims to the attorney and accountant in full within 7 days of receipt of the same.

Failure by any Professional Administrative Claimant to object to said payment proposal by the deadline for filing objections to the Plan shall be deemed an agreement to accept said payment proposal in lieu of said Professional's right to receive payment in full of his/her Administrative Claim on the Confirmation Date.

3.2 **Priority Claims**

A. **Priority Tax Claims.** Except as otherwise provided hereafter in this Section 3.2, each holder of an Allowed Priority Claim for taxes of the kind specified in Bankruptcy Code Section 507(a)(7) shall receive deferred cash payments over a period not exceeding five years from the date the Chapter 11 Petition was filed in this case in an aggregate amount equal to the amount of such Allowed Priority Claim, plus interest at the 26 USC §6621 rate from the Confirmation Date on the unpaid portion of such Allowed Priority Claim (without penalty of any kind).

B. **United States Internal Revenue Service.** The allowed amount of the Priority Claim of the Internal Revenue Service, if any, shall be paid in monthly payments over a period not exceeding five years from the date the Chapter 11 Petition was filed in this case, plus interest from the Confirmation Date on the unpaid portion of such Allowed Priority Claim (without penalty of any kind). Interest shall be calculated at the statutory rate determined under 26 U.S.C. 6621 as of the calendar month in which the Plan is confirmed to accrue beginning on the Confirmation Date. The general unsecured portion of the Internal Revenue Service's claim shall be treated, included, and dealt with as an Allowed Unsecured Claim pursuant to Class 3 General Unsecured

Creditors (Section 5.1) of this Plan. In the event the amount of the Reorganized Debtor's AFL Inheritance Distribution After Deduction of GOC, Ltd.'s Allowed Secured Claim is in excess of the unpaid balances of the Allowed Administrative Claims, Debtor shall pay the excess, not to exceed the balance of the Allowed Priority Claim of the United States, to the United States within 14 days of Debtor's receipt of the same. The general unsecured portion of the claim of the United States shall be treated, included, and dealt with as an Allowed Unsecured Claim pursuant to Class 3, General Unsecured Claims.

**C. The Alabama Department of Revenue.** The allowed amount of the Priority Claim of the Alabama Department of Revenue, if any, shall be paid in monthly payments over a period not exceeding five years from the date the Chapter 11 Petition was filed in this case, plus interest from the Confirmation Date on the unpaid portion of such allowed Priority Claim (without penalty of any kind). Interest shall be calculated at the statutory rate determined under 26 U.S.C. § 6621 as of the calendar month in which the Plan is confirmed to accrue beginning on the Confirmation Date. In the event the amount of AFL's Inheritance Distribution After Deduction of GOC Ltd.'s Allowed Secured Claim is greater than the sum of the amount of the Allowed Administrative Claims and the Allowed Amount of the Priority Claim of the United States, Debtor shall pay the excess, not to exceed the balance of the Allowed Priority Claim of the Alabama Department of Revenue, to the Alabama Department of Revenue within 14 days of Debtor's receipt of the same. The general unsecured potion of the State of Alabama's claim shall be treated, included and dealt with as an Allowed Unsecured Claim pursuant to Class 3 General Unsecured Creditors.

### ARTICLE IV
### SECURED CLAIMS

4.1. **Class 1: Secured – Sheffield Financial.** Debtor is indebted to Sheffield Financial on a debt secured by Debtor's 2013 Polaris Razor vehicle. The Allowed Secured Claim of Sheffield Financial shall be equal to the unpaid balance of said debt. The Allowed Secured Claim of Sheffield Financial shall be paid, together with interest at the contract interest rate to accrue beginning on the Confirmation Date, in installments equal to the contract monthly installments over the balance of the contract term beginning on the Effective Date until the entire amount of the Sheffield Financial Allowed Secured Claim plus interest is paid in full. Sheffield Financial

shall retain its lien against said vehicle until paid in full. All other terms and conditions of the security agreement between Sheffield Financial and Debtor shall remain in full force and effect.

4.2     **Class 2: Secured – GOC, Ltd:**  Debtor's undivided 1/6 property interest in the Marengo real property portion of AFL's Inheritance Distribution is collateral for a debt owed to GOC, Ltd. by virtue of a mortgage granted to GOC, Ltd. and recorded on February 2, 2015.  The amount of the debt secured by the GOC, Ltd. mortgage is estimated to be $237,000.00 including interest. Upon receipt of AFL's Inheritance Distribution, Debtor shall either pay in cash or transfer an interest in the Marengo County real property portion of the AFL Inheritance Distribution received by Debtor from the Rentz S. Lewis, Jr. Estate equal to the balance of the Allowed Secured Claim of GOC, Ltd.  The Allowed Secured Claim of GOC, Ltd. shall be limited to the value of the Marengo County real property portion of AFL's Inheritance Distribution.

## ARTICLE V
## UNSECURED CLAIMS

5.1     **Class 3:  General Unsecured Claims of Creditors of the Debtor.**  Class 3 consists of Unsecured Creditors of the Debtor, including deficiency claims of secured creditors and creditors holding personal guarantees of debts of A.F. Lewis Enterprises, LLC.  Beginning 30 days after the first day of the calendar quarter following the Effective Date, the Class 3 unsecured claimants with Allowed Unsecured Claims shall be paid a total of $12,000.00 without interest and each Allowed Class 3 Unsecured Claimant shall receive a quarterly distribution equal to its pro rata share of $600.00 for a period of 20 quarters plus, in the event the Amount of AFL's Inheritance Distribution After Deduction of GOC, Ltd.'s Allowed Secured Claim is in excess of the total of the balances of the Professional Fees, Allowed Administrative Claims, and Allowed Priority Claims of the United States and the Alabama Department of Revenue, the excess, not to exceed $10,000.00 plus the balance of the above-referenced $12,000.00, shall be paid to each Class 3 General Unsecured Claimant pro rata in full satisfaction of each said creditor's Allowed Unsecured Claim.

## ARTICLE VI
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1     **Treatment of Executory Contracts and Unexpired Leases.**  Debtor hereby assumes all executory contracts and unexpired leases not heretofore or hereafter rejected prior to the Confirmation Date of this Plan.

## ARTICLE VII
## REVESTING OF TITLE TO ASSETS AND PURCHASE OF ADDITIONAL ASSETS

7.1     Except as otherwise provided in any provision of this Plan or the Confirmation Order, on the Effective Date all property of the Estate shall revest in the Reorganized Debtor, all free and clear of all claims, liens, encumbrances, and other interests of Creditors. From and after the Effective Date, the Reorganized Debtor may use, acquire, and dispose of property without supervision of the Bankruptcy Court and free of any restrictions of the Bankruptcy Code, other than those restrictions presently imposed by this Plan and the Confirmation Order.

## ARTICLE VIII
## RETENTION OF CLAIMS AND CAUSES OF ACTION

8.1     Debtor retains all claims and causes of action which he may have against any and all persons, companies and other entities and nothing contained herein shall be deemed a release by Debtor of any cause of action, judgment, or claim he may now have or may hereafter acquire against the person, corporation or entity.

## ARTICLE IX
## MEANS FOR EXECUTION AND IMPLEMENTATION OF PLAN

9.1     **Funding of Plan.**  Funds required to make the payments required by this Plan, shall be provided from the net after tax monies received by Debtor from A.F. Lewis Enterprises, LLC, from funds generated by the operation of said business, from any funds borrowed post-petition or post-confirmation, from the proceeds of the sale or liquidation of any of the assets of the estate, and from AFL's Inheritance Distribution.

9.2 **Discharge of Debtor and Injunction.** The rights afforded in this Plan and the treatment of all claims shall be in exchange for and in complete satisfaction, discharge, and release of all claims and equity interests of any nature whatsoever, incurred through the Confirmation Date, including any interest accrued on such claims from and after the Petition Date, against the Debtor, or any of his assets or properties. Except as otherwise provided in this Plan or the Confirmation Order (I) on the date Debtor completes payment of all sums provided for under this Plan, the Debtor shall request a reopening of this case and the entry of an Order discharging and releasing to the fullest extent permitted by Section 1141 of the Bankruptcy Code from all claims and interests, including, but not limited to, demands, liabilities, claims and interests that arose before the Confirmation Date and all debts of the kind specified in Sections 502(g), 502(h), or 502(I) of the Bankruptcy Code, whether or not: (a) a proof of claim or proof of interest based on such debt or interest is filed or deemed filed pursuant to section 501 of the Bankruptcy Code, (b) a claim or interest based on such debt or interest has accepted the Plan; and (ii) all Persons shall be precluded from asserting against the Reorganized Debtor, its successors, or its assets or properties any other or further claims or equity interests based upon any action or omission, transaction, or other activity of any kind or nature that occurred prior to the Confirmation Date. Except as otherwise provided in this Plan, the Confirmation Order shall act as a discharge of any and all claims against and all debts and liabilities of the Debtor, as provided in sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment against the Debtor at any time obtained to the extent that it relates to a claim discharged.

Except as otherwise provided in this Plan or the Confirmation Order, on and after the completion of payments in full of the amount required under this Plan, all Persons who have held, currently hold or may hold a debt, claim or interest discharged pursuant to the terms of this Plan are permanently enjoined from taking any of the following actions on account of any such discharged debt, claim, or interest: (1) commencing or continuing in any manner any action or other proceeding against the Debtor or the Reorganized Debtor, its successors or its property; (2) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtor or the Reorganized Debtor, its successors or its property; (3) creating, perfecting or enforcing any lien or encumbrance against the Debtor or the Reorganized Debtor, its successors or its property; (4) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due to the Debtor or the Reorganized Debtor, its successors or its property; (5)

commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of this Plan or the Confirmation Order. Any Person injured by any violation of such injunction shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstance, may recover punitive damages, from the willful violator.

9.3     **Preservation of Rights of Action.**  Any of Debtor's rights or causes of action against any party including, but not limited to rights or causes of action under Sections 544 through 550, inclusive, of the Bankruptcy Code or under any other statute or based on any legal theory shall remain assets of, and vest in, the Reorganized Debtor. Specifically included in said assets shall be the rights to pursue causes of action for preferences and fraudulent transfers.  The Reorganized Debtor may pursue those rights of action, as appropriate, in accordance with what is in the best interests, and for the benefit, of the Reorganized Debtor.

9.4     **Limitation of Liability.**  Neither the Debtor, nor any of his family members, employees, or agents, nor any professional Persons employed by any of them shall have or incur any liability to any Person for any act taken or omission made in good faith in connection with or related to formulating, implementing, confirming or consummating this Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created in connection with this Plan.

9.5     **Other Documents and Actions.**  The Debtor and the Reorganized Debtor may execute such documents and take such other action as is necessary to effectuate the transactions provided for in this Article.

9.6     **Unclaimed Property.**  Any property to be distributed on account of a claim against or interest in the Debtor shall be distributed by mail to the latest mailing address filed of record for the party entitled thereto, or if no such mailing address has been so filed, the mailing address reflected in the Schedules of Assets and Liabilities filed by the Debtor. Any property so distributed that is unclaimed for five years after the distribution thereof by mail shall be come property of the Reorganized Debtor free and clear of any restrictions thereon.

9.7    **Setoffs.**  The Reorganized Debtor may, but shall not be required to, set off against any Allowed Claim and the distributions to be made pursuant to the Plan on account of such claim, claims of any nature that the Debtor or Reorganized Debtor may have against the holder of such Allowed Claim; provided, however, that neither the failure to effect such a setoff nor the allowance of any claim against the Debtor or Reorganized Debtor shall constitute a waiver or release by the Debtor or Reorganized Debtor of any claim that the Debtor or Reorganized Debtor may possess against such holder.

## ARTICLE X
## RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this case:

10.1    To determine the allowance or disallowance of and the amount, priority, validity and dischargeability of claims and interests.

10.2    To interpret the Plan and hear all disputes arising in connection with execution of this Plan.

10.3    To fix and approve allowances of compensation and other administrative expenses, including, if appropriate, payments to be made in connection with this Plan.

10.4    To decide controversies and disputes arising under or in connection with the Plan.

10.5    To correct any defect, cure any omission, or reconcile any inconsistency in the Plan, and to modify or amend the Plan.

10.6    To enforce all causes of action which may exist on behalf of the Debtor.

10.7    To issue any order, process or judgment necessary or appropriate to carry out the provisions of the Plan.

## ARTICLE XI
## OBJECTIONS TO CLAIMS

11.1    Notwithstanding any provision of the Plan specifying a date or time for payment of distribution of consideration hereunder, payments and distributions in respect of any claim that at such date or time is subject to an objection, motion for estimation, or scheduled as disputed, unliquidated, or contingent, or the collateral securing said claim is subject to a pending valuation request, shall not be made until an order with respect to such objection, estimation, or valuation

becomes final, whereupon such payments and distributions shall be made promptly in accordance with the Plan.

DATED this the 28th day of June, 2018.

               BY: /s/ Allen Ford Lewis
                 ALLEN FORD LEWIS

/s/ Irvin Grodsky
IRVIN GRODSKY
Attorney for Debtor
Post Office Box 3123
Mobile, Alabama 36652
(251) 433-3657