# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**Allen Ford Lewis,**                      **CASE NO.: 16-02905-JCO-11**

    **Debtor.**

## UNITED STATES OBJECTION TO PLAN

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Alabama, Richard W. Moore, and files this Objection to Debtor's proposed Plan of Reorganization [Doc. 177] (hereinafter "Plan") as follows:

1.    Debtor's Plan does not provide specific treatment for the Proof of Claim 2-6 filed by the Internal Revenue Service (hereinafter "IRS"). A filed claim is deemed allowed. 11 U.S.C. § 502(a). *See* Bankruptcy Rule 3001(f). The amended proof of claim sets forth the following claim: Priority Claim in the amount of $104,618.52. Debtor's Plan must provide for the full payment of the Federal priority claim with interest at a rate of five percent (5%), compounded daily, by regular installments that are completed within five years of the Petition date, and with the Federal lien to survive until full paid. 11 U.S.C. §§ 1129(a)(9)(C) and (D). In order to pay this claim in full within five years, the Debtor would have to pay $3,189.02 per month beginning on October 1, 2018.

1

2.	With respect to the IRS claim, the Plan should specifically provide that upon a default under the Plan, the administrative collection powers and the rights of the United States will be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of Notice of Federal Tax Lien and the powers of levy, seizure, and sale under the Title 26 of the United States Code.   Proposed language to accomplish this purpose is as follows:

> (A)   If the debtor fails to make payment of any tax to the Internal Revenue Service within 10 days of the due date of such deposit or payment, or if the debtor or the successor in interest fails to file any required federal tax return by the due date of such return, then the United States may declare that the debtor is in default of the plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest or debtor is in default.
>
> (B)   If the United States declares the debtor or the successors in interest to be in default of the debtor's obligations under the plan, then the entire imposed liability, together with any unpaid current liabilities, shall become due and payable immediately upon written demand to the debtor or the successor in interest.
>
> (C)   If full payment is not made within 10 days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of Title 26 of the United States Code.
>
> (D)   In the event the Debtor fails to make any plan payment within 10 days of the due date of such deposit or payment, the stay will be deemed terminated, without further hearing, and the Internal Revenue Service will be entitled to pursue administrative collection.

(E) The claims bar date for administrative claims does not apply to post-petition taxes which will be paid no later than the effective date.

3. The Plan should identify a payment commencement date for each class.

4. The United States objects to Paragraph 9.2 of the Plan in that nothing in the Plan or Confirmation Order shall limit or expand the scope of discharge, release or injunction to which the Debtor is entitled to under the Bankruptcy Code, if any. The settlement, discharge, release and injunction provisions contained in the Plan should not be construed to bar the United States from, subsequent to the Confirmation Order, pursuing any police or regulatory action. Accordingly, notwithstanding anything contained in the Plan or Confirmation Order to the contrary, nothing in the Plan or Confirmation Order shall discharge, release, impair or otherwise preclude: (1) any liability to the United States that is not a "claim" within the meaning of section 101(5) of the Bankruptcy Code; (2) any Claim of the United States arising on or after the Confirmation Date; (3) any valid right of setoff or recoupment of the United States against the Debtor; or (4) any liability of the Debtor under police or regulatory statutes or regulations to any Governmental Unit (as defined by section 101(27) of the Bankruptcy Code) as the owner, lessor, lessee or operator of property that such entity owns, operates or leases after the Confirmation Date. Nor shall anything in this Confirmation Order or the Plan: (i) enjoin or otherwise bar the United States or any Governmental Unit from asserting

3

or enforcing, outside the Bankruptcy Court, any liability described in the preceding sentence; or (ii) divest any court, commission, or tribunal of jurisdiction to determine whether any liabilities asserted by the United States or any Governmental Unit are discharged or otherwise barred by this Confirmation Order, the Plan, or the Bankruptcy Code.  Moreover, nothing in the Confirmation Order or the Plan shall release or exculpate any non-debtor from any liability to the United States, including but not limited to any liabilities arising under the Internal Revenue Code, environmental laws, or any criminal law, nor shall anything in this Confirmation Order or the Plan enjoin the United States from bringing any claim, suit, action or other proceeding for any liability whatsoever; *provided, however*, that the foregoing sentence shall not limit the scope of discharge granted to the Debtor under sections 524 and 1141 of the Bankruptcy Code.

5. The Plan should state that nothing in the Plan or subsequent Confirmation Order shall affect the set-off rights of the Internal Revenue Service.

6. Nothing contained in the Plan or Confirmation Order shall be deemed to determine the tax liability of any person or entity, including but not limited to the Debtor, nor shall the Plan or Confirmation Order be deemed to have determined the federal tax treatment of any item, distribution, or entity, including the federal tax consequences of this Plan, nor shall anything in this Plan or Confirmation Order be deemed to have conferred jurisdiction upon the Bankruptcy

Court to make determinations as to federal tax liability and federal tax treatment except as provided under 11 U.S.C. § 505.

7. The United States objects to Article X of the Plan and does not consent to the Bankruptcy Court's jurisdiction over matters reserved to other Federal Courts, such as the Court of Federal Claims or Tax Court.

8. The Plan is not feasible. If the claim of the IRS is included, the Debtor's expected income (as set forth in the Disclosure Statement) will be insufficient to pay the administrative and priority claims in full within five (5) years of the filing. 11 U.S.C. § 1129(a)(11). The Debtor's Monthly Reports do not show that Debtor is receiving $2,500 per month from A.F. Lewis Enterprises, LLC, or sufficient income to fund a plan. (*See* Disclosure Statement, Doc. 178 at p. 1). The last six Monthly Reports show receipt of the following amounts:

| | | |
|---|---|---|
| July 2018 | Received $100 | [Doc. 216] |
| June 2018 | Received $30 | [Doc. 194] |
| May 2018 | Received $100 | [Doc. 207] |
| April 2018 | Received $0 | [Doc. 164] |
| March 2018 | Received $100 | [Doc. 163] |
| February 2018 | Received $1,500 | [Doc. 154] |

The Quarterly Report for April, May and June shows only $139.41 in total disbursements. [Doc. 206]. The Quarterly Report for January, February and March shows only $1,388.94 in total disbursements. [Doc. 162].

These amounts are insufficient to pay the monthly obligations of the Plan while Debtor awaits the inheritance distribution, which appears to be valued at $188,000. (*See* Disclosure Statement, Doc. 178 at p. 3). However, the total amount of claims is currently $827,761.81. (*See* Claims Register). Therefore, it appears that the Plan is not feasible as proposed.

WHEREFORE, the United States of America prays that confirmation of Debtor's proposed Plan be denied until and unless Debtor remedies these matters.

Respectfully submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY

By */S/ Jamie Wilson*
Jamie A. Wilson
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 415-7111
Email: Jamie.wilson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2018 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

United States Bankruptcy Administrator

Irvin Grodsky
Counsel for Debtor

and I hereby certify that on that day I caused to be mailed by United States Postal Service the document to the following:

Allen Ford Lewis
4880 Wayne Road
Sweet Water, AL 36782-3977

                                            */S/ Jamie Wilson*
                                            Jamie Wilson
                                            Assistant United States Attorney